**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43702**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 730** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  October 17, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SCOTT CLIFFORD McAULEY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County.  Hon. Jonathan Medema, District Judge.

Judgment of conviction for possession of a controlled substance and being a persistent violator, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Scott Clifford McAuley appeals from his conviction for possession of a controlled substance and being a persistent violator.  Specifically, McAuley challenges the district court's denial of McAuley's motion to suppress.  For the reasons set forth below, we affirm.

An officer was dispatched in response to a report of an unresponsive individual inside a running vehicle parked at a convenience store.  Inside the vehicle, the officer observed that McAuley's eyes were shut, his head was tossing back and forth, and his lips were moving.  The officer requested medical assistance and attempted to wake McAuley by tapping on the driver's side window.  The officer opened the door and woke McAuley.  McAuley was in a confused state and was unable to explain to the officer or to medical personnel where he was, how long he

1

had been there, or where he had come from. While medical personnel evaluated McAuley, the officer obtained McAuley's identification and learned that his driver's license was suspended.

Medical personnel left the scene after McAuley signed a medical release, but the officer believed McAuley was impaired and continued to ask questions. The officer informed McAuley that his driver's license was suspended, which McAuley acknowledged. The officer asked McAuley whether he had taken any drugs recently and whether there were any drugs or other weapons in the car. McAuley answered in the negative and said that he was on probation in Oregon. He thereafter admitted there were drugs and weapons in the vehicle. The officer removed McAuley from the vehicle, put him in handcuffs, and searched the area where McAuley indicated there were drugs. The officer found methamphetamine in the vehicle and placed McAuley under arrest for possession of a controlled substance. Through a search incident to arrest, the officer discovered weapons and other drugs and paraphernalia in the vehicle.

The State charged McAuley with possession of a controlled substance, I.C. § 37-2732(c)(1); unlawful possession of a firearm, I.C. § 18-3316; possession of drug paraphernalia, I.C. § 37-2734A; and being a persistent violator, I.C. § 19-2514. McAuley filed a motion to suppress the statements he made to the officer and the evidence found in the vehicle. At the hearing, the State conceded that McAuley was seized throughout his encounter with the officer but argued that the seizure was justified. The district court found that, when McAuley was being evaluated, the officer had a reasonable suspicion that McAuley was driving with a suspended driver's license and may have been operating a motor vehicle while under the influence. The district court reasoned that the officer's reasonable suspicion justified the seizure and continued investigation of McAuley and denied the motion to suppress. McAuley pled guilty to possession of a controlled substance and admitted to being a persistent violator. In exchange for McAuley's guilty plea, the State dismissed the remaining charges.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

2

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

On appeal, McAuley contends that the officer did not have reasonable suspicion for a drug investigation and that the continued questioning therefore violated McAuley's rights under the Fourth Amendment. The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of detention must be carefully tailored to its underlying justification. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. Brief inquiries not otherwise related to the initial purpose of the stop do not necessarily violate a detainee's Fourth Amendment rights. *Roe*, 140 Idaho at 181, 90 P.3d at 931.

While McAuley concedes that the officer's action was justified at its inception pursuant to the officer's community caretaking function, McAuley argues that the drug investigation was not appropriate because it was not reasonably related to the original purpose of the encounter. Specifically, McAuley contends that, once the officer confirmed McAuley was driving with a suspended driver's license, the officer needed to either issue a citation or abandon any further investigation of other potential criminal behavior.

McAuley acknowledges that the length and scope of an investigatory detention may be lawfully expanded if there are objective and specific articulable facts justifying suspicion of criminal activity in addition to that which prompted the detention. *See State v. Perez-Jungo*, 156 Idaho 609, 329 P.3d 391 (Ct. App. 2014). Additionally, under the Fourth Amendment, an officer

3

may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

In ruling on McAuley's motion to suppress, the district court found that a seizure occurred when the officer stood in the vehicle's doorway and did not return McAuley's identification card. However, the district court found this seizure was reasonable in light of McAuley's behavior. The totality of the circumstances support the district court's finding that there was reasonable suspicion to believe that McAuley was driving under the influence and driving with a suspended driver's license. McAuley's admission that he possessed methamphetamine gave the officer probable cause to arrest McAuley.

McAuley has not cited any authority to support the proposition that the officer's investigation was limited to the original purpose of the encounter. In fact, this Court has held that an officer may abandon the original purpose of the encounter to pursue the investigation of other illegal activity if he or she develops reasonable suspicion of other illegal activity. *See Perez-Jungo*, 156 Idaho at 617, 329 P.3d at 399.

McAuley has failed to show that the district court erred in denying his motion to suppress. Accordingly, McAuley's judgment of conviction for possession of a controlled substance and being a persistent violator is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

4